ACCEPTED
01-15-00167-cr
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 2:33:00 PM
CHRISTOPHER PRINE
CLERK

Appellate Cause No. 01-15-00167-CR

In the Court of Appeals for the First Supreme Judicial District of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/16/2015 2:33:00 PM
CHRISTOPHER A. PRINE
Clerk

At

Houston

Joshua Jacob Patterson, Appellant

Vs.

State of Texas, Appellee

On Appeal from the 240th District Court of
Fort Bend County, Texas
Trial Court Cause No. 11-DCR-58778

BRIEF OF APPELLANT

Connie B. Williams
1314 Texas, Suite 710
Houston, Texas 77002
713-225-3700
713-225-3140-Fax
Cbw1710@hotmail.com
TBN 21521500
ATTORNEY FOR APPELLANT

Appellant Waives Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the Trial Court's final judgment as well as the names and addresses of all trial and appellate counsel.

| Parties | Trial Counsel |
|---|---|
| State of Texas | Amanda Bolin<br>Matt Banister<br>Assist. Dist. Attorneys<br>301 Jackson Street<br>Richmond, Texas 77406<br>281-341-4460 |
| Joshua Jacob Patterson | Dawn Allison<br>121 E. Monsenatte St.<br>El Campo, Texas 77437<br>979-543-4744 |

| | Appellate Counsel |
|---|---|
| Joshua Jacob Patterson | Connie B. Williams<br>1314 Texas, Suite 710<br>Houston, Texas 77002<br>713-225-3700 |
| State of Texas | John Harrity<br>District Attys. Office<br>301 Jackson St.<br>Richmond, Texas 77406<br>281-341-4460 |

# TABLE OF CONTENTS

                                                                            **Page**

**Identity of Parties and Counsel** ……………………………………………………2

**Index of Authorities** ………………………………………………………...5

**Statement of the Case** ………………………………………………………7

**Issues Presented** ………………………………………………………...8

1.  Appellant was denied his constitutional due process right to be indicted under Penal Code Section 71.02 (a) (1) as opposed to Penal Code Section 19.02 (b) (1).

2.  The State's Attorney misled the Trial Court stating that the defense, through cross-examination of a State's witness during the State's case in chief, left a false impression before the jury and thus "opened the door" to the admission of the extraneous aggravated robbery offense.

3.  Trial Counsel was ineffective in failing to move for a mistrial after the admission of the extraneous aggravated robbery offense at the guilt/innocence stage of the trial.

4.  Trial Counsel was ineffective in failing to request the Trial Court to determine whether Appellant was "in custody" when his statement was taken.

5.  Trial Counsel was ineffective for failing to object to the admission of Appellant's statement on the basis that Appellant was not warned he could

terminate the interview at any time as required by CCP Art. 38.22. Sec. 2 (a) (5).

6. Trial Counsel was ineffective for failing to object to the admission of Appellant's statement on the basis that Appellant did not waive his Art. 38.22. Sec. 2 (a) (5) right, in accordance with Art. 38.22. Sec. 2 (b).

7. Trial Counsel was ineffective by only objecting to the admission of Appellant's statement on the basis of "hearsay".

8. The Trial Court failed to conduct the probative vs. prejudicial balancing analysis required by TRE Rule 403, before admitting the extraneous aggravated robbery offense evidence at the guilt/innocence stage.

9. The Trial Court failed to "strictly construe" the provisions of CCP Art 38.22. Sec. 3 (a) (2) as mandated by Art. 38.22. Sec. 3 (b).

**Statement of Facts** ……………………………………………………………………..9

**Summary of the Argument** ……………………………………………………………9

**Argument** ……………………………………………………………………………10

**Prayer** ………………………………………………………………………………...31

**Certificate of Compliance** …………………………………………………………...32

**Certificate of Service** ………………………………………………………………...32

4

# Index of Authorities

| Case | Page |
|---|---|

*Albrecht v. State*, 486 S.W. 2d 97, 102 (Tex. Crim. App. 1972)......................15

*Arizona v. Fulminante*, 499 U.S. 279, 111 S, Ct. 1246, 113 L. Ed 2d 302 (1991)......................................................................................12

*Bauder v. State,* 921 S.W. 2d 696 (Tex. Crim. App. 1996) (En Banc)..........14, 20

*Burke v. State*, 28 S.W. 3d 545 (Tex. Crim. App. 2000)..............................13

*Cannon v. State*, 668 S.W. 2d 401 (Tex. Crim. App. 1984).........................17

*Crank v. State*, 761 S.W. 2d 328 (Tex. Crim. App. 1988)..........................12

*Daniels v. State*, 754 S.W. 2d 214 (Tex. Crim. App. 1988).......................12

*Dowthitt v. State*, 931 S.W. 2d 244 (Tex. Crim. App. 1996)......................21

*Ex Parte Harrell*, 542 S.W. 2d 169 (Tex. Crim. App. 1976).......................11

*Ex Parte Martinez*, 330 S.W. 3d 891 (Tex. Crim. App. 2011).......................18

*Ex Parte Smith*, 185 S.W. 3d 887 (Tex. Crim. App. 2006).........................13

*Ex Parte Taylor*, 36 S.W. 3d 883 (Tex. Crim. App. 2001).........................14

*Hernandez v. State*, 726 S.W. 2d 53 (Tex. Crim. App. 1986).......................17

*Johnson v. State*, 885, S.W. 2d 641 (Tex. App. - Waco 1994, pet. ref'd.)..........19

*Lackey v. State*, 190 S.W. 2d 364 (Tex. Crim. App. 1945).........................15

*Lopez v. State*, 343 S.W. 3d 137 (Tex. Crim. App. 2011)..........................18

*McFarland v. State*, 845 S.W. 2d 824 (Tex. Crim. App. 1992)......................17

*Melton v. State*, 790 S.W. 2d 322 (Tex. Crim. App. 1990)...........................22

*Montgomery v. State*, 810 S.W. 2d 372 (Tex. Crim. App. 1990)................27, 29

*Moran v. Burbine*, 475 U.S. 412, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986)........26

*Parker v. State*, 545 S.W. 2d 151 (Tex. Crim. App. 1977)..........................24

*Russell v. State*, 425 S.W. 3d 462 (Tex. App. - Houston [1st Dist.] 2012, pet. ref'd.)..............................................................................15

*Strickland v. Washington*, 446 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ..................................................................................17

*Trevino v. State*, 991 S.W. 2d 849 (Tex. Crim. App. 1999)..........................26

*U.S. v. Gouveia*, 467 U.S. 180, 104 S. Ct. 2292, 81 L. Ed. 2d 146 (1984)..........17

*U.S. v. Morrison*, 449 U.S. 361, 101 S. Ct. 665, 66 L. Ed 2d 564 (1981).......19, 31

*Young v. State*, 137 S.W. 3d 65 (Tex. Crim. App. 2004) (En Banc)................20

**Constitutions:**

Sixth Amendment U.S. Constitution.............................................16

Art 1 Sec. 10 Texas Constitution................................................11

Art 1 Sec. 14 Texas Constitution................................................31

**Codes:**

CCP Art. 1.05.................................................................11

CCP. Art. 2.01...............................................................14

CCP. Art. 38.22 Sec. 2 (a) (5)...............................................23

CCP. Art 38.22. Sec. 3 (a) (2) ...................................................................23

CCP. Art. 38.22 Sec. 3 (e)......................................................................23

Pen. § 1.02......................................................................................11

Pen. §1.03 (a)..................................................................................11

Pen. § 1.05 (b).................................................................................12

Pen. § 19.02 (b) (1)...........................................................................10

Pen. § 71.02 (a) (1)...........................................................................10

Gov't Code § 311.026.....................................................................10, 12

**Rules:**

Rules of Evidence, Rule 403 ...............................................................26

Rules of Evidence, Rule 801 (e) (2).......................................................26

## STATEMENT OF THE CASE

This is a murder case (C.R. pg 17) in which Appellant pled not guilty. (C.R. pg 21). (In this brief C.R. designates Clerk's Record and R.R. designates Reporter's Record).

Appellant was tried before a jury and found guilty (C.R. pg 100) and sentenced by the jury to 50 years confinement and a $1,000 fine. (C.R. pg 114).

Appellant filed a motion for new trial (C.R. pgs. 130-131), and said motion was denied by the Trial Court on April 6, 2015. (C.R. pg 134).

## ISSUES PRESENTED

1. Appellant was denied his constitutional due process right to be indicted under Penal Code Section 71.02 (a) (1) as opposed to Penal Code Section 19.02 (b) (1).

2. The State's Attorney misled the Trial Court stating that the defense, through cross-examination of a State's witness during the State's case in chief, left a false impression before the jury and thus "opened the door" to the admission of the extraneous aggravated robbery offense.

3. Trial Counsel was ineffective in failing to move for a mistrial after the admission of the extraneous aggravated robbery offense at the guilt/innocence stage of the trial.

4. Trial Counsel was ineffective in failing to request the Trial Court to determine whether Appellant was "in custody" when his statement was taken.

5. Trial Counsel was ineffective for failing to object to the admission of Appellant's statement on the basis that Appellant was not warned he could terminate the interview at any time as required by CCP Art. 38.22 Sec. 2 (a) (5).

6. Trial Counsel was ineffective for failing to object to the admission of Appellant's statement on the basis that Appellant did not waive his Art. 38.22 Sec. 2 (a) (5) right, in accordance with Art. 38.22 Sec. 2 (b).

7. Trial Counsel was ineffective by only objecting to the admission of Appellant's statement on the basis of "hearsay."

8. The Trial Court failed to conduct the probative vs. prejudicial balancing analysis required by TRE Rule 403, before admitting the extraneous aggravated robbery offense evidence at the guilt/innocence stage.

9. The Trial Court failed to "strictly construe" the provisions of CCP Art 38.22. Sec. 3 (a) (2) as mandated by Art. 38.22. Sec. 3 (b).

## STATEMENT OF FACTS

Appellant gave a 2.5 hour statement to law enforcement officers (State's Exhibit 70 admitted into evidence R.R. Vol. 4 pg. 159). At the beginning of his statement Appellant was given his *Miranda* warnings, but not his warning under CCP Art. 38.22. Sec. 2 (a) (5) that he could terminate the interview at any time.

The State at the guilt/innocence stage introduced evidence of an extraneous aggravated robbery offense (R.R. Vol. 3 pgs. 219-224.)

## SUMMARY OF THE ARGUMENT

Penal Code Sections 19.02 (b) (1), and 71.02 (a) (1) are *in pari materia,* and Appellant has the due process right to be prosecuted under 71.02 (a) (1), the more specific statute. The State's attorney violated Appellant's due process rights by introducing inadmissible evidence in the guilt/innocence phase of the trial.

Appellant's court appointed attorney was ineffective. The Trial Court failed in its independent duty to ensure a fair trial.

## ARGUMENT

### Issue Number One

Appellant was denied his constitutional due process right to be indicted under Penal Code Section 71.02 (a) (1) as opposed to Penal Code Section 19.02 (b) (1).

### Argument and Authorities

Appellant was indicted for murder under Penal Code Section 19.02 (b) (1). Clerk's Record (hereinafter C.R.) page 17. Appellant, in actuality, was tried "as a member of a criminal street gang, the person commits or conspires to commit......murder" under Penal Code Section 71.02 (a) (1).

See State's proffer Reporter's Record (hereinafter R.R.) Volume 2, pages 199-201.

Penal Code Section 19.02 (b) (1) and 71.02 (a) (1) are *in pari materia*. They do not conflict in that the punishment mandated under each is for a first degree felony; therefore, under Government Code Section 311.026, they must be harmonized and effect given to both. Penal Code Section 71.02 (a) (1) is the Legislature's latest pronouncement and manifests the Legislature's direction that criminal street gang murder be prosecuted under Penal Code Section 71.02(a) (1).

"... The purpose of the *in pari materia* rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject..." *Ex Parte Harrell*, 542 S.W. 2d 169, 172 (Tex. Crim. App. 1976).

Penal Code Section 71.02 (a) (1) is the Legislature's determination of how gang related murder should be charged and prosecuted, and guides and limits, the exercise of official discretion in law enforcement. It defines the scope of state interest in law enforcement against gang related murder. Appellant, through his counsel, cites the cumulative authority of Text Const. Art 1 § 10, and Code of Criminal Procedure Art 1.05 in support of his point that he has a due process right to be indicted and prosecuted under Penal Code Section 71.02 (a) (1).

Appellant's counsel is fully aware of the requirement not to allege multifarious points of error, ie, points relying on more than one legal theory; however, Tex Const. Art 1 §10 and Code of Criminal Procedure Art. 1.05 are expressions of the same legal theory.

P.C. §1.03 (a) "Conduct does not constitute an offense unless it is defined as an offense by statute,"

P.C. § 1.02 "... the provisions of this code are intended, and shall be construed, to achieve the following objectives:... (5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary oppressive treatment of persons suspected, accused, or convicted of offenses; ..."

11

... (6) to define the scope of state interest in law enforcement against specific offenses..."

Penal Code § 1.05 (b) provides "Unless a different construction is required by the context, Section ... 311.026 ... of chapter 311, Government Code (Code Construction Act) apply to the construction of this code..."

"... The accused is entitled to be tried on the accusation in the state's pleading and he should not be tried for some collateral crime nor for being a criminal generally..." *Crank v. State,* 761 S.W. 2d 328, 341 (Tex. Crim. App. 1988).

This failure by the State to properly charge Appellant is a structural defect in the constitution of the trial mechanism which defies "harmless-error" analysis standards. See *Arizona v. Fulminante,* 499 U.S. 279, 311, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d 302 (1991).

The proper test of the accusation is "... whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense ..." *Daniels v. State,* 754 S.W. 2d 214, 217 (Tex. Crim. App. 1988).

"... When ... the Legislature has carved out specific circumstances under which a specific statute governs, the Legislature has not created greater and lesser included offenses. Rather, the Legislature has determined the one statute that

governs and has removed from the State the option of prosecuting for the general offense where the circumstances of the case establish only the specific offense. In this case, we are not faced with determining which offense the State would have chosen to prosecute … The question before us is, instead, a matter of legislative intent…" *Burke v. State,* 28 S.W. 3d 545, 546 (Tex. Crim. App. 2000).

The Court of Criminal Appeals has stated:

'… We also agree with the Court of Appeals that Appellant can pursue his *in pari materia* claim on appeal if necessary …" *Ex Parte Smith,* 185 S.W. 3d 887, 893 (Tex. Crim. App. 2006).

"… An Appellate decision on the *in pari materia* claim would be premature before the State has had an opportunity to develop a complete factual record during a trial …" Id.

As set out in this brief and the trial record, Appellant was tried for murder "as a member of a criminal street gang."

### Issue Number Two

The State's Attorney misled the Trial Court stating that the Defense, through cross-examination of a State's witness during the State's case in chief, left a false impression before the jury, and thus "opened the door" to the admission of the extraneous aggravated robbery offense. (R.R. Vol. 3 pg. 217).

## Argument and Authority

Tex. CCP Art 2.01 provides in part:

"… It shall be the primary duty of all prosecuting attorneys … not to convict, but to see that justice is done…"

"… The State of Texas has only one, indivisible interest in a criminal prosecution; to see that justice is done …" *Ex Parte Taylor,* 36 S.W. 3d 883, 887 (Tex. Crim. App. 2001).

"… [W]e believe that the right to a trial before the jury first selected is the right to a fair trial before that jury…" *Bauder v. State,* 921 S.W. 2d 696, 698 (Tex. Crim. App. 1996) (En Banc).

The Defense's cross-examination of the State's witness (R.R. Vol. 3 pgs 206-215) was just that, cross-examination. It did not put forth a defensive theory; did not impeach the witness, and did not leave a false impression with the jury.

"… However, it is not mere asking of the questions but the responses elicited from the witness which are determinative. Where the testimony of a witness remains unimpeached after cross-examination, the mere fact that the witness was cross-examined does not authorize the state to introduce testimony of extraneous offenses. See, *Caldwell v. State,* Tex. Cr. App. 477 S.W. 2d 877,

To hold that the cross-examination of this prosecutrix would permit the introduction of an extraneous offense would be tantamount to holding that such

14

testimony would be admissible in any case where a defendant's counsel exercises the constitutional right to cross-examination. That is not and should not be the law..." *Albrecht v. State,* 486 S.W. 2d 97, 102 (Tex. Crim. App. 1972).

"... [W]e would again emphasize that no question should be propounded which the prosecutors know to be inadmissible, for if it is done, and the circumstances are such that the person on trial may have been injured thereby, the case should be and will be reversed...

... Prosecuting attorneys are officers of the state, whose duty it is to see that justice is done, and they should never attempt to get before the jury evidence they know to be inadmissible..." *Lackey v. State,* 190 S.W. 2d 364, 365 (Tex. Crim. App. 1945).

"... We further note that the doctrine of invited error provides that a party cannot take advantage of an error that he invited or caused, even if such error is fundamental..." *Russell v. State,* 425 S.W. 3d 462, 468 (Tex. App. – Houston [1st Dist.] 2012, pet. ref'd).

"... A party is estopped from seeking appellate relief based on error that it induced. .." Id.

The Court of Appeals, an instrumentally of the State, cannot permit the State to benefit by any means from its invited error.

The Defense did not "open the door" by cross-examining the State's witness and the State's attorney misled the Trial Court and invited the admission of inadmissible evidence.

## TRIAL COUNSEL'S PERFORMANCE

## GENERAL LAW

The Sixth Amendment to the U.S. Constitution guarantees Appellant the effective assistance of counsel.

Appointed ineffective counsel is a "structual" dysfunction, wherein you have, as in this case, government imposed, "specific attorney" appointed representation that does not comport with the Constitutional requirement of effective assistance.

"… We have recognized that the 'core purpose' of the counsel guarantee is to assure aid at trial, when the accused [is] confronted with both the intricacies of the law and the advocacy of the public prosecutor. *United States v. Ash,* 413 U.S. 300, 309, 93 S. Ct. 2568, 2573, 37 L. Ed. 2D 619 (1973). Indeed the right to counsel 'embodies a realistic recognition of the obvious truth that the average defendant does not have the professional legal skill to protect himself when brought before a tribunal with power to take his life or liberty, wherein the prosecution is presented by experienced and learned counsel.' *Johnson v. Zerbst,*

304 U.S. 458, 462-463, 58 S. Ct. 1019, 1022, 82 L. Ed. 1461 (1938)…" *U.S. v. Gouveia,* 467 U.S. 180, 104 S. Ct. 2292, 2298, 81 L. Ed. 2d 146 (1984).

**Test for Ineffective Assistance of Counsel**

The proper standard to decide claims of ineffective assistance of counsel under the Sixth Amendment is the test adopted by the Supreme Court in *Strickland v. Washington,* 446 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State,* 726 S.W. 2d 53 (Tex. Crim. App. 1986).

The *Strickland* court adopted a two-pronged analysis for claims of ineffective assistance under which the defendant must show that (1) counsel's performance was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense. *Strickland,* 446 U.S. at 687, 104 S. Ct. at 2064; *Cannon v. State,* 668 S.W. 2d 401, 403 (Tex. Crim. App. 1984). Defendant is required to prove that counsel's representation fell below an objective standard of reasonableness based upon prevailing norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *McFarland v. State,* 845 S.W. 2d 824, 842 (Tex. Crim. App. 1992) cert. denied, 508 U.S. 963, 113 S. Ct. 2937, 124 L. Ed. 2d 686 (1993).

17

"... In making an assessment of effective assistance of counsel, an appellate court must review the totality of the representation and the circumstances of each case without the benefit of hindsight..." *Lopez v. State,* 343 S.W. 3d 137, 143 (Tex. Crim. App. 2011).

"... [T]he prejudice prong of *Strickland* requires we look to the totality of the circumstances and evidence presented to determine if there is a reasonable probability that, but for Counsel's deficient performance, the result of the proceeding would have been different..." *Ex Parte Martinez,* 330 S.W. 3d 891, 903 (Tex. Crim. App. 2011).

## Appointed Trial Counsel's Duties

Appointed Trial Counsel's duties should be commensurate with and no less than the duties required of appointed appellate counsel.

It has been held with respect to appointed Appellate Counsel that:

"... Appellate counsel has the duty to 'master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal.' *McCoy,* 486 U.S. at 438, 108 S. Ct. at 1902. "In searching for strongest arguments available the attorney must be zealous and must resolve all doubts and ambiguous legal questions in favor of his or her client." *Id.* 486 U.S. at 444, 108 S. Ct. at 1905.

"... However, we stress that any point which is arguable on [the] merits' is, by definition, not frivolous..." *Johnson v. State,* 885 S.W. 2d 641, 645 (Tex. App. – Waco 1994, pet. ref'd).

**Remedy**

"... The Sixth Amendment provides that an accused shall enjoy the right 'to have the Assistance of Counsel for his defense.' This right, fundamental to our system of justice, is meant to assure fairness in the adversary criminal process..." *U.S. v. Morrison,* 449 U.S. 361, 101 S. Ct. 665, 66 L. Ed. 2d 564, 567 (1981).

"... Our approach has thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial..." Id at page 568.

## Issue Number Three

Trial Counsel was ineffective in failing to move for a mistrial after the admission of the extraneous aggravated robbery offense at the guilt/innocence stage of the trial.

## Argument and Authorities

Trial Counsel objected to the admission of the extraneous aggravated robbery at the guilt/innocence stage stating among other things Defense had not "opened the door" (R.R. Vol. 3 pg 218).

The Trial Court overruled Defense's objections (R.R. Vol. 3 pg 218).

Trial Counsel should have researched and briefed the law on the "open the door" doctrine and reurged Defense's objection with supporting authorities to the Trial Court at a time when the Trial Court could take appropriate action.

Finally, Trial Counsel should have moved for a mistrial because any instruction to the jury to disregard the extraneous aggravated robbery offense evidence would have been inadequate to remove the evidence's taint. See *Young v. State,* 137 S.W. 3d 65, 69-70 (Tex. Crim. App. 2004) (En Banc).

A mistrial due to prosecutorial misconduct, regardless of the prosecutorial intent, would act as a bar to further prosecution under the Texas Constitution Double Jeopardy provision. *Bauder v. State,* 921 S.W. 2d 696 (Tex. Crim. App. 1996) (En Banc).

Because of appointed Trial Counsel's ineffectiveness, Appellant has been deprived of his substantive right to assert the probable mistrial due to prosecutorial reckless presentation of inadmissible evidence before the jury as a bar to further prosecution.

## Issue Number Four

Trial Counsel was ineffective in failing to request the Trial Court to determine whether Appellant was "in custody" when his statement was taken.

## Argument and Authorities

Trial Counsel filed a motion to suppress Appellant's statement (C.R. pgs. 60-61), but passed on the motion at trial (R.R. Vol. 2 pg 6).

"… A person is in 'custody' only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest…" *Dowthitt v. State*, 931 S.W. 2d 244, 254 (Tex. Crim. App. 1996).

'… We have outlined at least four general situations which may constitute custody… (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he or she is free to leave … given our emphasis on probable cause as a 'factor' in other cases, situation four does not automatically establish custody; rather, custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest…" Id at page 255.

"… However, the mere fact that an interrogation begins as noncustodial does not prevent custody from arising later; police conduct during the encounter may cause a consensual inquiry to escalate into custodial interrogation…" Id.

… It is also significant that Woods administered *Miranda* warning as soon as they entered the interrogation room. That Woods should demonstrate caution by

21

exercising those procedural safeguards *Miranda* dictates to secure the Fifth Amendment privilege against custodial self-incrimination must surely be considered an objective reason for appellant to believe she had been 'taken into custody or otherwise derived of his freedom of action in [some] significant way.' 384 U.S. at 444, 86 S. Ct. at 1612, 16 L. Ed. 2d at 706. Given this indicium of Fifth Amendment 'custody' a reasonable person would be well warranted in the belief that he was not at liberty to go – at least absent an explanation by the administering officer to the recipient at the time of the warning that he was simply exercising abundant caution, and that no restraint was intended... No explanation was offered to appellant here..." *Melton v. State,* 790 S.W. 2d 322, 331 (Tex. Crim. App. 1990). (Clinton, Judge dissenting. Teague, Miller and Cambell JJ. join in this opinion).

No such explanation was offered Appellant in this case either.

Appellant was arrested at the tail end of his statement by arrest warrant. (R.R. Vol. 5 pgs 4-5). Early on in his statement Sergeant Ramirez tells Appellant I've talked to everyone but you. He shows Appellant his co-defendant's statement implicating Appellant in the murder. (R.R. Vol. 5 pgs 18-19).

Sergeant Ramirez had talked to everyone and was certain of Appellant's role in the murder. Taking of Appellant's statement was not investigative, but truly custodial interrogation.

## Issue Number Five

Trial Counsel was ineffective for failing to object to the admission of Appellant's statement because Appellant was not warned he could terminate the interview at any time as required by CCP Art. 38.22. Sec. 2 (a) (5).

## Argument and Authorities

At the beginning of Appellant's statement (State's Exhibit 70 admitted into evidence R.R. Vol. 4 pg 159), the Appellant was read his *Miranda* warnings.

*Miranda* warnings do not include the CCP. Art. 38.22. Sec. 2 (a) (5) required warning that "he has the right to terminate the interview at any time."

Failure to comply with all the Art. 38.22 Sec. 2 (a) (1) (5) warning renders Appellant's statement inadmissible. CCP. Art. 38.22 Sec. 3 (a) (2).

CCP Art. 38.22 Sec. 3. (e) requires the State Courts to "strictly construe" Subsection (a) of Art. 38.22 Sec. 3.

Sergeant Ramirez's statement at the end of the *Miranda* warnings to the effect you may assert these rights at any time and not answer my questions, only advises the Appellant that he may assert his right to remain silent at any time, and is not "fully effective equivalent" to a warning that you may terminate this interview at any time.

23

## Issue Number Six

Trial Counsel was ineffective for failing to object to the admission of Appellant's statement on the basis that Appellant did not waive his Art. 38.22 Sec. 2 (a) (5) right, in accordance with Art. 38.22 Sec. 2 (b).

### Argument of Authorities

"... Waiver may be defined as 'an intentional relinquishment or abandonment of a known right or privilege ...'" *Parker v. State,* 545 S.W. 2d 151, 155 (Tex. Crim. App. 1977).

Appellant was not warned of his CCP Art. 38.22 Sec. 2 (a) (5) "right to terminate the interview at any time."

CCP. Art. 38.22 Sec. 3 (e) provides:

"... (e) The courts of this state shall strictly construe Subsection (a) of this section and may not interpret Subsection (a) as making admissible a statement unless all requirements of the subsection have been satisfied by the state, except that:

(1) only voices that are material are identified; and

(2) the accused was given the warning in Subsection (a) of Section 2 above or its fully effective equivalent."

CCP. Art. 38.22 Sec. 3. (a) provides in relevant part:

24

"Sec. 3. (a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless...

(2) Prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;..."

There is no exception to the "knowingly, intelligently and voluntarily "waiver of Appellant's right under Art. 38.22. Sec. 2 (a) (5) "to terminate the interview at any time."

Appellant could not possibly "knowingly, intelligently and voluntarily" waive a right he was not informed of.

Appellant's statement was inadmissible for failure to comply with CCP. Art. 38.22 Sec. 3 (a) (2).

## Issue Number Seven

Trial Counsel was ineffective by only objecting to the admission of Appellant's statement on the basis of "hearsay."

## Argument and Authorities

Trial Counsel's only objection to the admission of Appellant's statement (State's Exhibit 70, admitted into evidence R.R. Vol. 4 pg 159) was "hearsay." (R.R. Vol. 4 pgs 156, 157, 159).

Texas Rules of Evidence Rule 801. (e) (2) **Statements That Are Not Hearsay** provides:

"***An Opposing Party's Statement***. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;..."

"... The State correctly argues that Rule 801. (e) (2) (A) plainly and unequivocally states that a criminal defendant's own statements, when being offered against him, are not hearsay..." *Trevino v. State,* 991 S.W. 2d 849, 853 (Tex. Crim. App. 1999).

Trial Counsel's hearsay objection demonstrates a lack of legal knowledge, and preserved nothing for appellate review.

As pointed out in Issues Numbers: Three, Four, Five, Six and Seven, appointed Trial Counsel's representation **did not** "assure that the prosecution's case encounters 'the crucible of meaningful adversarial testing." *Moran v. Burbine,* 475 U.S. 412, 106 S. Ct. 1135, 1146, 89 L. Ed. 2d 410 (1986).

## Trial Court Miscues

## Issue Number Eight

The Trial Court failed to conduct the probative vs. prejudicial balancing analysis required by TRE Rule 403 before admitting the extraneous aggravated robbery evidence at the guilt/innocence stage.

## Argument and Authorities

Trial Counsel objected to the admission of the extraneous aggravated robbery evidence stating in part "… we believe that this is a very prejudicial matter in that the probative value doesn't outweigh the prejudicial matter …" (R.R. Vol. 3 pg 219).

"… Once this objection is made, the trial court is called upon to weigh probativeness of the evidence against its potential for "unfair" prejudice – that is, as the majority iterated on original submission, its tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one…" *Montgomery v. State,* 810 S.W. 2d 372, 389 (Tex. Crim. App. 1990).

"… [W]e do not interpret Rule 403 specifically to assign a burden to either party. Rather, we understand Rule 403 to impose a duty upon the trial court. The court would do well to inquire of the opponent what his view of the prejudice is. On the other hand, the court should ask the proponent to articulate his need. But once the rule is invoked, **'the trial judge has no discretion as to whether or not to engage in the balancing process'**…" Id. (Emphasis Added).

"The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and of this kind under Rule 403." Id.

"... We also measure the trial court's ruling whether to exclude evidence of other crimes, wrongs, or acts' under Rule 403 by an abuse of discretion standard ..." Id at page 391.

"... Finally how great is the proponent's *"need"* for the extraneous transaction? This last inquiry breaks down into three subparts: Does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show? If so, how strong is that other evidence? And is the fact of consequence related to an issue that is in dispute? When the proponent has other compelling or undisputed evidence to establish the proposition or fact that the extraneous misconduct goes to prove, the misconduct evidence will weigh far less than it otherwise might in the probative versus-prejudicial balance..." Id at page 390.

In this case the state had the testimony of officer Tullos "documenting" Appellant as a gang member (R.R. Vol. 2 pg 171); and State's Exhibit 81 listing Appellant as a member of "100 click" admitted into evidence with no objection (R.R. Vol. 3 pg 198).

"... Therefore we hold that where relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence, the appellate court should declare that the trial court erred in failing to exclude it. Relevant criteria

gleaned from the authorities include, *inter alia*, that the ultimate issue was not seriously contested by the opponent; that the State had other convincing evidence to establish the ultimate issue to which the extraneous misconduct was relevant; that the probative value of the misconduct evidence was not, either alone or in combination with other evidence, particularly compelling; that the jury instruction to disregard it for any but its proffered purpose would not likely have been efficacious. Accordingly, when the record reveals one or more such relevant criteria reasonably conducing to a risk that the probative value of the tendered evidence is substantially outweighed by unfair prejudice, then an appellate court should conclude that the trial court acted irrationally in failing to exclude it, and thus abused its discretion. The trial court has no 'right' to be 'wrong' if that means to admit evidence which appears to the appellate court, affording all due deference to the trial court's decision, nevertheless to be substantially more prejudicial than probative..." *Montgomery v. State, supra,* at pages 392-393.

The extraneous aggravated robbery offense evidence was not needed by the State to prove Appellant's gang membership, and the probative value of said evidence is substantially outweighed by unfair prejudice.

### Issue Number Nine

The Trial Court failed to "strictly construe" the provisions of CCP Art. 38.22. Sec. 3 (a) (2) as mandated by Art. 38.22. Sec. 3 (e).

## Argument and Authorities

Appellant's 2.5 hour video statement State's Exhibit 70 was admitted into evidence. (R.R. Vol. 4 pg 159).

Appellant was not given the warning that under Art. 38.22 Sec. 2 (a) (5) "he has the right to terminate the interview at any time;…"

Art. 38.22 Sec. 3 (e) provides in relevant part:

"(e) The courts of this state shall strictly construe Subsection (a) of this Section and may not interpret Subsection (a) as making admissible a statement unless all requirements of the subsection have been satisfied by the state…"

Art. 38.22 Sec 3 (a) provides:

"(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:…

… (2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives rights set out in the warning;…"

Appellant was not warned of his Art. 38.22. Sec. 2. (a) (5) "right to terminate the interview at any time."

Appellant could not "knowingly, intelligently and voluntarily "waive a right he was not warned of."

The Trial Court failed to comply Art. 38.22. Sec. 3 (e).

## Remedy

"… Cases involving Sixth Amendment deprivation are subject to the general rule that remedies should be tailored to the injuries suffered from the constitutional violation…

… Our approach has thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial…" *U.S. v. Morrison, supra,* at page 568.

This Court should reverse the judgment of conviction, and bar any retrial as violative of Appellant's rights under the double jeopardy provisions of Art. 1 Sec. 14 of the Texas Constitution.

## Prayer For Relief

Wherefore Appellant prays that the Court overturn the judgment of conviction in Cause No. 11-DCR-058778, and prohibit any further prosecution as being violative of Appellant's double jeopardy rights under Art. 1 § 14 of the Texas Constitution, or, in the lesser alternative, the Court should reverse the conviction and remand the case for a new trial.

/s/ Connie B. Williams
Connie B. Williams
1314 Texas, Suite 710
Houston, Texas 77002

713-225-3700
713-225-3140-Fax
TBN 21521500
ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 9.4 (i) (3) TRAP, I hereby certify that the foregoing Appellant's Brief contains 6032 words.

/s/ Connie B. Williams
Connie B. Williams

## CERTIFICATE OF SERVICE

This is to certify that on October 16, 2015, a true and correct copy of Appellant's Brief was served on the District Attorney's Office, Fort Bend County, Texas by Facsimile transmission to 281-238-3340.

/s/ Connie B. Williams
Connie B. Williams